Judge Grees?:
The appellees declared against the appellant, on a bond, without noticing the condition. The defendant craved oyer of the bond at rules, and it appeared that there was a condition, that the obligation should be void, if the obligors should pay to the obligees the amount of a judgment injoined, &c. in case the injunction should be dissolved. Afterwards, he pleaded in Court: 1. That he had paid the debt in the declaration mentioned, and concluded with a verification. 2. That there was a condition subjoined to the obligation, which was recited; and that the injunction had not been dissolved, “ and this he is ready to verify.” The plaintiffs replied to the first plea, and setting out the condition of the bond, averred, that the injunction had been dissolved, before the institution of the suit, and that the defendant had not paid the judgment injoined, and damages and costs, according to the condition of the bond; and concluded to the country, and the defendant likewise; and the record states, “ and thereupon issue was joined.” To the second plea, the plaintiffs demurred generally, and the defendant joined in the demurrer. The Court sustained the demurrer; and, thereupon, the plaintiffs assigned *59 breaches of the condition of the bond, to the same effect as the matter of his replication to the first plea. The record states also, before the joinder in demurrer, that the plaintiffs joined issue on the first plea. A jury was impannel’ed to try the issue between the parties, who found for the plaintiffs, and judgment was given according to the verdict.
Upon these confused pleadings, I observe, that the first plea concluding with a verification, the plaintiffs could not, regularly, take issue directly upon the plea; but only, by a general replication concluding to the country, when they might have made up the issue by adding the similiter. So that the statement in the record, that the plaintiffs joined issue upon this plea, if it made any issue, made an extremely irregular one. Or, he might have replied specially, concluding with a verification, or to the country. This he has affected to do; but the replication does not answer the plea. The latter- is an averment, that the defendant paid the penalty of the bond; the former is an averment? that he did not pay the amount of the judgment injoined, and interest thereon and damages and costs. The replication concludes to the country, and the defendant took issue thereupon. So that there are two issues on one plea; one of them irregularly joined, without a replication, when a replication was necessary; the other, upon a replication, which was no answer to the plea. The debt injoined, with interest, damages and costs, might have exceeded the penalty. What would have been the effect of all these blunders, after verdict, it is not necessary to enquire; since the cause is decided upon the demurrer to the second plea.
The second plea was merely negative, and needed no conclusion, either that the defendant was ready to verify it, or to verify it by the record, or that it appeared by the record. It was sufficient to alledge the non-existence of that fact; and if the plaintiff's affirmed it, it was for them to verify their affirmation by the record, or otherwise. The verification with which the second plea concluded, *60 was merely surplusage; or, if objectionable, could only be objected to by special demurrer, and not by general demurrer. See Fanshaw v. Morrison. 2 Salk. 520, But were not so, and a verification by the record was the proper conclusion of this plea, as is contended; the defect could not be taken advantage of jupón a general demurrer. The statute of Jeofails, 1 Rev. Code, 511, § 101, prohibits any objection to be taken, upon a general demurrer, unless it be something omitted which is so essential to the action or defence, as that judgment according to law and the very right of the case cannot be given. Under this section in general, no objection can be made on a general demurrer, which could not be made after verdict. Roe v. Crutchfield, 1 Hen. & Munf. 367. And after verdict judgment cannot be arrested, for failing to aver that “this he is ready to verify by the record,” or, “as appeareth by the record.” The want of such a conclusion, if any averment was necessary, certainly was not an omission of an averment essential to the right of the case. The plaintiff might have replied and verified his replication, and had judgment according to the very right of the case.
The Court was right in deciding upon the demurrer, before the issue was tried. Green v. Dulany, 2 Munf. 518. For the decision upon the demurrer may, in all cases, put an end to the cause, and render the trial of an issue unnecessary; and if the issue be tried first, it would probably prevent permission to amend the pleadings after-wards, and might thus produce a mischief to one of the parties, which the Court could not remedy, as they might before the trial of the issue, by giving leave to amend. The demurrer admits the fact, which was well pleaded, that the injunction, mentioned in the condition of the bond, had not been dissolved. This shewed that the plaintiff had no cause of action, and judgment on the demurrer should have been given for the defendant, and the issue should not have been tried. This error of the Court ought not to give any effect to the subsequent verdict of *61 die jury, contradicting the plea. But, even if that verdict can properly be looked to, it can have no effect. The plaintiff admitted, on the record, the fact «Hedged in the plea; and any verdict contrary to the facts admitted by the parties upon the record, cannot be the foundation of a judgment, against the effect of the admission of the party, on the record; such admission being higher evidence of the truth, than the verdict of a jury. Wilcox v. Skipwith, 2 Mod. cited 1 Bac. 42. Vin. Abr. tit. " Trial” R. f. The Court has the power, in the exercise'of a sound discretion, to reject a plea offered by the defendant. But it never can be right to reject a plea, which, if true, is a complete answer to the action. The second plea, in this case, was properly admitted; for, the allegation, that the injunction had not been dissolved, was a bar to the action; and when the plea was admitted, the fact, whether the injunction had been dissolved or not, had not been asserted on the record, by either party. The demurrer to this plea could not he considered as an objection to the admission of the plea, because the fact, whether the injunction had been dissolved or not, was put in issue on the first plea. If it was intended to object to the plea on this ground, the objection should have been made by motion to strike out the plea. A demurrer cannot be considered as raising that objection. The very form of the demurrer proves this. It admits the truth of the plea, but insists, “ that the said plea and the matter thereof are not sufficient, in law, to bar or preclude the plaintiff’s action.”
The consequence seems to be, that fhe judgment should he reversed, the demurrer over-ruled, and judgment given that the plaintiffs take nothing by their hill.